IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH G. ALCALA,

    Petitioner,               No. 2:10-cv-3448 KJM JFM (HC)

    vs.

MIKE MARTEL, Warden, et al.,

    Respondents.           <u>FINDINGS & RECOMMENDATIONS</u>

         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's August 3, 2012 motion to dismiss.  Petitioner opposes the motion.  On review of the motion and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

ALLEGATIONS IN THE PETITION

         Petitioner, who is presently serving a 15-year to life sentence, alleges that in July 2008 and while he was housed at Mule Creek State Prison, he returned from a hospital where he was receiving chemotherapy treatment for stage 4 lymphoma.  Upon his return, he was placed in Administrative Segregation ("Ad-Seg") on a "non-disciplinary" hold instead of in the hospital's infirmary.  He asserts that he was held in Ad-Seg without the benefit of being classified as an

1  "Inmate Medical Patient" in violation of the due process clause.[1]  During his placement in Ad-

2  Seg, petitioner claims that he received an improper rules violation report ("RVR") for refusing to

3  accept a cell-mate.  Although petitioner contends that, because of his medical condition, he

4  should have been exempt from accepting a cell-mate, petitioner was found guilty at the hearing

5  on the RVR.  Petitioner, whose last RVR was in 1994, argues that he has suffered harm because

6  he was denied parole in 2010 after the board of Parole Hearings relied on the 2008 RVR for a

7  finding of unsuitability.

## DISCUSSION

Respondent seeks dismissal of the petition on the ground that petitioner fails to state a claim because habeas relief is only available for a challenge to the fact or duration of confinement.

Despite respondent's straightforward reasoning, the issue itself is not so easily susceptible to a cursory analysis.  "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."  Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973)).  However, there is a line of cases holding that the likelihood of the effect of the challenged proceeding on the overall length of the prisoner's sentence determines the availability of habeas relief.  Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003)[2]; Bostic v. Carlson, 884 F.2d 1267,

---

[1] To the extent petitioner is claiming that prison officials were deliberately indifferent to his medical needs following his return from the hospital, the court notes that this claim is already proceeding in a parallel action, case number 09-cv-3407-KJM-JFM, which is related to the instant action.  The only claim at issue in this case is petitioner's assertion that his due process rights were violated in connection with the 2008 RVR and the associated disciplinary hearing.

[2] In Ramirez, a California state prisoner brought a civil rights action under 42 U.S.C. § 1983 seeking damages, declaratory relief and injunctive relief. 334 F.3d at 853. The prisoner's complaint alleged that the procedures of his prison disciplinary hearing and the term of his administrative segregation violated his constitutional rights. Id. at 852. The district court dismissed both claims. Id. The Ninth Circuit reversed, holding that an inmate can "challenge the conditions of his confinement under § 1983 [where] his claim, if successful, would not necessarily invalidate a disciplinary action that affects the fact or length of his confinement." Id. In dicta, the court in Ramirez suggested that its holding "also clarifies our prior decisions

1269 (9th Cir. 1989) (habeas is proper where petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate his eligibility for parole); see Docken v. Chase, 393 F.3d 1024, 1031–1032 (9th Cir. 2004) (timing of parole review hearing can be challenged in habeas because, though not a "core" habeas claim, the "potential relationship between [petitioner's] claim and the duration of his confinement is undeniable.").

In the petition pending before the court, petitioner claims that he has been free of any disciplinary infractions since 1994, and that the Board of Parole Hearings found petitioner unsuitable for parole in 2010 in reliance upon the 2008 RVR. On these allegations, the court concludes that reversal or expungement of petitioner's conviction for the RVR, if warranted, is both "likely" to accelerate his eligibility for parole, Bostic, 884 F.2d at 1269, and "could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031. See, e.g., Johnson v. Swarthout, 2011 WL 1585859, at *2-3 (E.D. Cal. Apr. 22, 2011) (finding that habeas jurisdiction exists for a challenge to a disciplinary decision); Hardney v. Carey, 2011 WL 1302147, at *5-8 (E.D. Cal. Mar. 31, 2011) (same); Foster v. Washington–Adduci, 2010 WL 1734916, at *4 (C.D. Cal. Mar. 24, 2011) (respondent's reliance on dictum from Ramirez was not persuasive in case brought under § 2241 in the federal prison context); Murphy v. Dep't of Corrs. & Rehabilitation, 2008 WL 111226, at *7 (N.D.Cal. Jan.9, 2008) (habeas corpus jurisdiction is proper to challenge a disciplinary guilty finding because "[a]s a matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement."); Drake v. Felker, 2007 WL 4404432, at *2 (E.D. Cal. Dec. 13, 2007) (Habeas corpus jurisdiction found to exist over a challenge to a disciplinary decision because "a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole").

/////

---

addressing the availability of habeas corpus to challenge the conditions of imprisonment." Id. at 858. The Ninth Circuit suggested that "habeas jurisdiction is absent ... where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Id. at 859.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be denied; and

2. Respondent be directed to file an answer to petitioner's petition within sixty days. See Rule 4, Fed. R. Governing § 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;alca3448.mtd