1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JOSEPH G. ALCALA,

10              Petitioner,                    No. 2:10-cv-3448 KJM JFM (HC)

11        vs.

12   MIKE MARTEL, Warden, et al.,

13              Respondents.              <u>ORDER</u>

14   _____/

15              Petitioner is a state prisoner proceeding pro se with an application for a writ of

16   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2008 prison disciplinary

17   conviction that he suffered for refusing to accept a cellmate.  On August 3, 2012, respondents

18   filed a motion to dismiss the petition on the grounds that habeas relief was unavailable to

19   petitioner because he did not lose good time credits as a result of the disciplinary conviction and

20   because no clearly established federal law extends the procedural protections of <u>Wolff v.</u>

21   <u>McDonnell</u>, 418 U.S. 539 (1974) to disciplinary convictions that do not result in the loss of good

22   time credit.  On November 2, 2012, findings and recommendations issued recommending that

23   the motion be denied.  By order filed April 11, 2013, the district court adopted the finding that

24   habeas relief is available to petitioner notwithstanding the fact that he did not suffer a loss of

25   good time credits, but remanded the matter for findings and recommendation on respondents'

26   argument concerning whether the procedural protections of <u>Wolff v. McDonnell</u> apply to the

1  disciplinary proceedings at issue.  Order filed April 11, 2013 (ECF No. 24) at 2.

2          After review of the record, this court finds that the disciplinary conviction at issue

3  did result in the assessment of "90 days loss of behavioral credit consistent with a Division 'D'

4  offense."  Ex. E to Petition (ECF No. 1) at 41.  Under California law, behavior credits operate to

5  reduce prison sentences.  See California Penal Code § 2931.  The due process protections

6  outlined in Wolff v. McDonnell, supra, apply to prison disciplinary proceedings at which credits

7  for good behavior may be lost.  See Wolff, 418 U.S. at 546 n.6, 558.  Because petitioner lost

8  behavior credits as part of the disciplinary conviction at issue, it would appear that respondents'

9  second contention is inapposite and does not support dismissal of the instant action.  However, in

10  his opposition to the motion to dismiss petitioner asserts generally that "'good-time-credits' are

11  not applicable" to him.  Petitioner's Opposition to Respondents' Motion to Dismiss, filed August

12  17, 2012 (ECF No. 17) at 7.  He provides no explanation for this assertion.

13          Respondents have the burden of demonstrating that they are entitled to dismissal

14  of this action.  Good cause appearing, respondents' motion to dismiss will be denied without

15  prejudice to its renewal, as appropriate, on a showing that petitioner's term of incarceration is

16  unaffected by the 90 days of credit lost as a result of the challenged disciplinary conviction and

17  that the procedural protections of Wolff v. McDonnell, supra, do not apply to the disciplinary

18  conviction notwithstanding the assessment of 90 days credit loss.  In the alternative, respondents

19  may answer the petition.

20          In accordance with the above, IT IS HEREBY ORDERED that:

21          1.  To the extent it has not already been denied by the district court's August 11,

22  2013 order, respondents' August 3, 2012 motion to dismiss is denied without prejudice to its

23  renewal, as appropriate, on a showing that petitioner's term of incarceration is unaffected by the

24  90 days of credit lost as a result of the challenged disciplinary conviction and that the procedural

25  /////

26  ////

1 protections of <u>Wolff v. McDonnell</u>, <u>supra</u>, do not apply to the disciplinary conviction

2 notwithstanding the assessment of 90 days credit loss;

3       2.  Respondents are granted thirty days from the date of this order in which to file

4 either a further motion to dismiss or an answer to the petition;

5       3.  If respondents file an answer, petitioner's traverse, if any, shall be filed and

6 served within thirty days after service of the answer; and

7       4.  If respondents file a further motion to dismiss, petitioner's opposition or

8 statement of non-opposition to the motion shall be filed and served within thirty days after

9 service of the motion, and respondent's reply, if any, shall be filed and served within fourteen

10 days thereafter.

11 DATED: June 3, 2013

13 _____

14 ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

12
alca3448.o

3