IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH G. ALCALA,

    Petitioner,                         No. 2:10-cv-3448 KJM JFM (HC)

    vs.

MIKE MARTEL, Warden, et al.,

    Respondents.                      ORDER

          Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2008 prison disciplinary conviction that he suffered for refusing to accept a cellmate. On August 3, 2012, respondents filed a motion to dismiss the petition on the grounds that habeas relief was unavailable to petitioner because he did not lose good time credits as a result of the disciplinary conviction and because no clearly established federal law extends the procedural protections of Wolff v. McDonnell, 418 U.S. 539 (1974) to disciplinary convictions that do not result in the loss of good time credit. On November 2, 2012, findings and recommendations issued recommending that the motion be denied. By order filed April 11, 2013, the district court adopted the finding that habeas relief is available to petitioner notwithstanding the fact that he did not suffer a loss of good time credits, but remanded the matter for findings and recommendation on respondents' argument concerning whether the procedural protections of Wolff v. McDonnell apply to the

1

disciplinary proceedings at issue. Order filed April 11, 2013 (ECF No. 24) at 2.

After review of the record, this court finds that the disciplinary conviction at issue did result in the assessment of "90 days loss of behavioral credit consistent with a Division 'D' offense." Ex. E to Petition (ECF No. 1) at 41. Under California law, behavior credits operate to reduce prison sentences. See California Penal Code § 2931. The due process protections outlined in Wolff v. McDonnell, supra, apply to prison disciplinary proceedings at which credits for good behavior may be lost. See Wolff, 418 U.S. at 546 n.6, 558. Because petitioner lost behavior credits as part of the disciplinary conviction at issue, it would appear that respondents' second contention is inapposite and does not support dismissal of the instant action. However, in his opposition to the motion to dismiss petitioner asserts generally that "'good-time-credits' are not applicable" to him. Petitioner's Opposition to Respondents' Motion to Dismiss, filed August 17, 2012 (ECF No. 17) at 7. He provides no explanation for this assertion.

Respondents have the burden of demonstrating that they are entitled to dismissal of this action. Good cause appearing, respondents' motion to dismiss will be denied without prejudice to its renewal, as appropriate, on a showing that petitioner's term of incarceration is unaffected by the 90 days of credit lost as a result of the challenged disciplinary conviction and that the procedural protections of Wolff v. McDonnell, supra, do not apply to the disciplinary conviction notwithstanding the assessment of 90 days credit loss. In the alternative, respondents may answer the petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. To the extent it has not already been denied by the district court's August 11, 2013 order, respondents' August 3, 2012 motion to dismiss is denied without prejudice to its renewal, as appropriate, on a showing that petitioner's term of incarceration is unaffected by the 90 days of credit lost as a result of the challenged disciplinary conviction and that the procedural

/////

////

protections of Wolff v. McDonnell, supra, do not apply to the disciplinary conviction notwithstanding the assessment of 90 days credit loss;

    2. Respondents are granted thirty days from the date of this order in which to file either a further motion to dismiss or an answer to the petition;

    3. If respondents file an answer, petitioner's traverse, if any, shall be filed and served within thirty days after service of the answer; and

    4. If respondents file a further motion to dismiss, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

DATED: June 3, 2013

                  /s/ Allison Claire
                  ALLISON CLAIRE
                  UNITED STATES MAGISTRATE JUDGE

12
alca3448.o