UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH G. ALCALA,<br><br>            Petitioner,<br><br>    v.<br><br>MIKE MARTEL, et al.,<br><br>            Respondents. | No. 2:10-cv-3448 KJM AC (HC)<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2008 prison disciplinary conviction that he suffered for refusing to accept a cellmate. On August 3, 2012, respondents filed a motion to dismiss the petition on the grounds that habeas relief was unavailable to petitioner because he did not suffer from an actual loss of good time credits as a result of the disciplinary conviction and because no clearly established federal law extends the procedural protections of <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) to disciplinary convictions that do not result in the loss of good time credit. ECF No. 16. On November 2, 2012, findings and recommendations issued recommending that the motion be denied. ECF No. 21. By order filed April 11, 2013, the district court adopted the finding that habeas relief is available to petitioner notwithstanding the fact that he did not suffer a loss of good time credits, but remanded the matter for findings and recommendation on respondents' argument concerning whether clearly established federal law

1

1 | extends the procedural protections of <u>Wolff v. McDonnell</u> to prison decisions that do not result in
2 | the denial or deprivation of good time credit.  ECF No. 24 at 2.  On June 3, 2013, this court issued
3 | an order denying respondents' motion to dismiss without prejudice and granting respondents
4 | thirty days to file either an answer to the petition or a further motion to dismiss.  ECF No. 25.  On
5 | July 5, 2013, respondents filed a new motion to dismiss, ECF No. 26, which the court addresses
6 | herein.

### PETITIONER'S ALLEGATIONS

Petitioner, who is presently serving a sentence of 15 years to life, alleges that in July 2008 he returned to Mule Creek State Prison from a hospital where he was receiving chemotherapy treatment for stage four lymphoma.  Upon his return, he was placed in Administrative Segregation ("Ad-Seg") on a "non-disciplinary" hold instead of in the hospital's infirmary.  He asserts that he was held in Ad-Seg without the benefit of having a classification hearing to be classified as an "Inmate Medical Patient," in violation of the due process clause of the Fourteenth Amendment.[1]  During his placement in Ad-Seg, petitioner claims that he received an improper rules violation report ("RVR") for refusing to accept a cell-mate. Although petitioner contends that he should have been exempt from accepting a cell-mate in light of his medical condition, he was found guilty at the hearing on the RVR.  Petitioner, whose last RVR was in 1994, argues that he has suffered harm because he was denied parole in 2010 after the board of Parole Hearings relied on the 2008 RVR in finding that he was unsuitable for release to parole.

### DISCUSSION

Respondents seek dismissal of the petition on the ground that petitioner fails to state a claim for relief because the state courts did not unreasonably apply clearly established federal law

---

[1] To the extent petitioner is claiming that prison officials were deliberately indifferent to his medical needs following his return from the hospital, the court notes that this claim has already proceeded in a parallel action, case number 09-cv-3407-KJM-JFM, which is related to the instant action and in which summary judgment has been entered in favor of the defendants. The only claim at issue in this case is petitioner's assertion that his due process rights were violated in connection with his 2008 placement in Ad-Seg, the issuance of the RVR, and the associated disciplinary hearing.

2

when denying petitioner's earlier state habeas corpus petitions.  Respondents argue that petitioner cannot show that the state courts unreasonably applied clearly established federal law, because there is no clearly established federal law that prescribes the process due for a prison disciplinary decision that does not deprive the prisoner of credits that actually reduce his term of imprisonment.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the text of 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough

3

that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").

The court "must first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Andrade, 538 U.S. at 71 (citing 28 U.S.C. § 2254(d)(1)).  The phrase "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta," of the United States Supreme Court's decisions "as of the time of the relevant state-court decision." Carey v. Musladin, 549 U.S. 70, 74 (2006).  Where the United States Supreme Court's decisions give no clear answer to the question presented, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.' " Wright v. Van Patten, 552 U.S. 120, 126 (2008) (quoting Musladin, 459 U.S. at 77)).

Here, petitioner contends that he was denied his due process rights under the Fourteenth Amendment when he was not provided a hearing in connection with his placement in Ad-Seg, in violation of the rules established by the United States Supreme Court in Wolff v. McDonald, 418 U.S. 539 (1974) and Sandin v. Conner, 515 U.S. 472 (1995).  Petitioner claims that, as a result of this deprivation, he was erroneously issued an RVR when he refused to room with another inmate and that this unwarranted RVR was used by the parole board as a reason for its decision to deny petitioner parole during his last review.  Respondents assert that the due process rules set out under Wolff and Sandin were not and are not clearly established with respect to the factual circumstances presented by petitioner's claim.

Respondent's entire motion assumes the applicability of AEDPA's limitations on relief, which impose the "clearly established federal law" requirement.  Where there has been no state court adjudication of an issue, however, 28 U.S.C. § 2254(d) by its own terms does not apply.  If for example a state court fails to reach a federal question that is presented to it, there is no "adjudication" to which AEDPA deference can apply and the federal court evaluates the claim under pre-AEDPA standards.  Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002), cert. denied, 539 U.S. 916 (2003).  This rule survives Harrington v. Richter, 131 S.Ct. 770 (2011), which establishes a rebuttable presumption that a claim summarily denied without any discussion was denied on the merits.  See Amado v. Gonzalez, 734 F.3d 936, 944-45 (9th Cir. 2013); see also

Johnson v. Williams, 133 S.Ct. 1088, 1096 (2013).  As the Ninth Circuit has recently noted, "[d]etermining whether a claim was 'adjudicated on the merits' is not always a simple endeavor." Amado, 734 F.3d at 945.  The various state court decisions must be scrutinized to determine which of them "finally resolves the claim," and whether that decisions resolved the claim in its entirety and on the merits.  Id.

Here, respondents have failed to support their motion with a showing that petitioner's claim, and specifically the question whether due process was violated by the failure to hold a classification hearing regarding petitioner's Ad-Seg placement and medical status, was decided on the merits in state court proceedings.  The motion to dismiss is unsupported by any part of the state court record.  The exhibits to the federal petition include the following: the cover page of petitioner's state petition filed with the Amador County Superior Court; the Superior Court's decision denying petitioner's state petition; the cover page and first page of petitioner's state petition filed with the California Court of Appeal for the Third Appellate District; the Court of Appeal's summary denial of plaintiff's state petition; and the cover page of petitioner's state petition filed with the California Supreme Court.  ECF No. 1 at 49-58 (Exhibits G, H, and I).

The only reasoned state court opinion presently before this court is the decision of the Amador County Superior Court, which applied Superintendent v. Hill, 472 U.S. 445 (1985) to find that "some evidence support[ed] the disciplinary determination."  ECF No. 1 at 51 (opinion filed June 8, 2009).  The superior court did not address the distinct question whether due process had been violated in the course of petitioner's placement in Ad Seg, prior to the incident giving rise to the disciplinary proceeding.  The California Court of Appeal summarily denied the petition that was presented to it, without comment.  ECF No. 1 at 56.  Because no party has produced the opinion of the California Supreme Court denying petitioner's claim, the undersigned cannot determine whether the superior court's opinion is the "last reasoned decision" of a state court and therefore the proper subject of this court's review.  See Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002) (when state's highest court denies claim summarily, federal court looks through to last reasoned decision), cert. denied, 538 U.S. 919 (2003).  If the superior court opinion is the last reasoned state court decision, petitioner's Wolff/Sandin claim appears not to have been

adjudicated on the merits.  See Amado, 734 F.3d at 945.  If that is so, then § 2254(d) does not apply and the absence of "clearly established federal law" does not, without more, require dismissal.

Respondents' failure to provide the pertinent portions of the state court record not only prevents this court from determining whether the Wolff/Sandin issue was adjudicated on the merits in state court, it also prevents proper § 2254(d) analysis if AEDPA does apply.  Review under § 2254(d)(1) must proceed on the basis of the record that was before the state court.  Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).  In order to evaluate the reasonableness of a state court's adjudication, this court must consider what the state court knew and what it did.  Id. at 1399.  Without the state court petitions and exhibits this court cannot determine what the state court knew.  Without a copy of the California Supreme Court's order this court cannot determine what the state court did.  See Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc) (where state court issues a reasoned opinion, § 2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis"); Howard v. Clark, 608 F.3d 563, 569 (9th Cir. 2010) (where state supreme court denies habeas petition without a reasoned opinion, federal review focuses on lower court's reasoning).

The undersigned appreciates that respondents' theory about the absence of clearly established federal law might render substantive reasonableness analysis of any state court adjudication unnecessary.  However, that is not necessarily so.  Respondents contend that Wolff and Sandin have not been extended by the U.S. Supreme Court to the facts of petitioner's case, but have not produced the factual record to which the state courts were to have applied federal law.  Accordingly, this court is in no position to determine whether any clearly established federal law governed the claim presented to those courts.  Moreover, even if respondents are entirely correct that no clearly established U.S. Supreme Court precedent requires the procedural protections that petitioner invokes, that proposition would support dismissal only if there has been a state court adjudication subject to § 2254(d).[2]  For the reasons already explained, the

---

[2] Absent state court adjudication of the merits of petitioner's Wolff/Sandin claim, this court (continued…)

6

1  undersigned is unable on the present record to determine whether there was any such
2  adjudication.
3      Having failed to establish the applicability of the standard they assert, respondents have
4  failed to meet their burden as the moving party.  Accordingly, the motion to dismiss should be
5  denied and respondents should be required to answer the petition.  This ruling should be without
6  prejudice to renewal of respondent's arguments under §2254(d) in the answer, with reference to
7  the state court record to be lodged pursuant to Rule 5, Rules Governing Section 2254 Cases.
8      IT IS HEREBY RECOMMENDED that
9      1.  Respondents' July 5, 2013 Motion to Dismiss (ECF No. 26) be denied; and
10     2.  Respondents be directed to file an answer to petitioner's petition within sixty days.
11 See Rule 4, Fed. R. Governing § 2254 Cases.
12     These findings and recommendations are submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
14 after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties.  Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
17 objections shall be served and filed within fourteen days after service of the objections.  The
18 parties are advised that failure to file objections within the specified time may waive the right to
19 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: January 3, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

would be free under pre-AEDPA standards to evaluate the claim under circuit precedent and by extrapolation from Supreme Court cases.  Such analysis is not available in cases governed by the AEDPA.  See Alvarado v. Hill, 252 F.3d 1066, 1068-69 (9th Cir. 2001) (the question under § 2254(d) is not whether conviction violates due process "as that concept might be extrapolated from the decisions of the Supreme Court" but whether it violates due process "under 'clearly established federal law,' as already determined by that Court.")  The undersigned expresses no opinion regarding the merits of petitioner's claim under pre-AEDPA law.

7