UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH G. ALCALA,<br><br>Petitioner,<br><br>v.<br><br>MIKE MARTEL, et al.,<br><br>Respondents. | No.  2:10-cv-03448 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition challenges a 2008 prison disciplinary proceeding for obstructing a peace officer in the performance of his duties.  The disciplinary violation involved petitioner's refusal to accept a cellmate.  ECF No. 1.

I.       Procedural History

A brief procedural history of the case is provided as context for the current position of the parties.  Respondents' first motion to dismiss was denied on April 11, 2013, in an order finding petitioner's claims cognizable in a habeas corpus action.  See ECF Nos. 21 (Findings and Recommendation); 24 (Order).  The remaining argument in the motion to dismiss was denied without prejudice by Order of June 3, 2013.  ECF No. 25.  Respondents were allowed to renew their argument if they could demonstrate that petitioner's incarceration was unaffected by his 90 day loss of behavior credit and that the procedural due process protections of Wolff v. McDonnell, 418 U.S. 539 (1974), did not apply to his disciplinary conviction.  Id. at 2-3.  In the

1     alternative, respondents were ordered to file an answer to the petition.  Id. at 3.

2           On July 5, 2013, respondents renewed their argument that no clearly established federal

3     law prescribes what process is due for a prison disciplinary decision that does not deprive the

4     prisoner of credits that actually reduce his period of incarceration.  After full briefing, the motion

5     to dismiss was once again denied on March 26, 2014.  ECF Nos. 34 (Order); 32 (Findings and

6     Recommendations).  Respondents were ordered to file an answer to the petition.

7           On May 27, 2014, respondents filed their answer, ECF No. 35, contending that (1) the

8     petition was untimely filed, (2) the court lacks jurisdiction over the petition because any relief

9     would not result in petitioner's speedier release from custody,[1] and (3) even on the merits

10    petitioner is not entitled to any relief because the state court decision was not contrary to nor an

11    unreasonable application of clearly established federal law.  ECF No. 35.  Petitioner filed his

12    traverse on June 18, 2014.  ECF No. 36.  Accordingly, the habeas petition is fully briefed and ripe

13    for adjudication.

14    II.    Federal Habeas Petition

15          Petitioner, who is serving a sentence of 15 years to life, alleges that on July 3, 2008

16    he returned to Mule Creek State Prison from a hospital where he was receiving chemotherapy

17    treatment for stage four lymphoma.  Upon his return, he was placed in Administrative

18    Segregation ("Ad Seg") on a "non-disciplinary" hold, instead of in the hospital's infirmary.  See

19    ECF No. 35-1 at 27.  He asserts that he was held in Ad Seg without the benefit of having a

20    classification hearing to be classified as an "Inmate Medical Patient," in violation of the due

21    process clause of the Fourteenth Amendment.  Due to his medical condition, petitioner was

22    admitted to San Joaquin General Hospital on July 11, 2008 and discharged on July 21, 2008.  See

23    ECF No. 35-3 at 23-25 (Transfer Summary from San Joaquin General Hospital).  Following his

24    July 21, 2008 return to Ad Seg, petitioner claims that he received an improper rules violation

25    report ("RVR") for refusing to accept a cell-mate.  Petitioner was issued the RVR on July 25,

26    _____

      [1] Respondents do not renew the jurisdictional argument, which was previously rejected by the
27    court, in their memorandum of points and authorities.  Because the matter has been previously
      adjudicated, the undersigned will not revisit the issue here.  See ECF Nos. 21 (Findings and
28    Recommendation), 24 (Order).

1   2008 for his failure to comply with a direct order to double cell on July 24, 2008.  See ECF No.

2   35-1 at 33 (copy of RVR).  Although petitioner contends that he should have been exempt from

3   accepting a cell-mate in light of his medical condition, he was found guilty at the hearing on the

4   RVR on August 15, 2008.  See ECF No. 35-1 at 34-35.  He was assessed a 90 day loss of

5   behavior credit for the disciplinary violation.  Petitioner, whose last RVR was in 1994, argues that

6   he suffered harm because he was denied parole in 2010 after the Board of Parole Hearings relied

7   on the 2008 RVR in finding that he was unsuitable for release on parole.

8   III.   Respondent's Answer

9          As an initial basis to deny relief, respondents assert that the federal habeas petition was

10  untimely filed.  ECF No. 35 at 4.  Respondents contend that the statute of limitations commenced

11  on January 7, 2009, the day following the exhaustion of petitioner's administrative remedies and

12  thus the date the factual predicate of his claim was discovered.  Id. at 4 (citing Redd v. McGrath,

13  343 F.3d 1077, 1082 (9th Cir. 2003)).  The statute of limitations then ran for a period of 69 days

14  until petitioner filed his first state habeas corpus petition in the trial court on March 17, 2009.  Id.

15  Respondents concede that petitioner is entitled to statutory tolling until November 10, 2009 when

16  the California Supreme Court denied his state habeas petition.  Id.  Thus, by respondents

17  calculation, the federal habeas petition was filed 112 days late.  Id.  However, this calculation

18  does not acknowledge the possibility that equitable tolling could render the federal petition

19  timely.

20         The second ground upon which respondents rely is based on the merits of petitioner's due

21  process claim.  Respondents invoke CDCR regulations to assert that the due process protections

22  of Wolff v. McDonnell, 418 U.S. 539 (1974) and Superintendent v. Hill, 472 U.S. 445, 454

23  (1985), do not apply to petitioner because the credit loss resulting from his disciplinary hearing

24  will not affect his release date since he already passed his minimum eligible parole date.  Id. at 6.

25  They further argue that petitioner is barred from relief under the AEDPA because granting the

26  instant petition would require extending the holding of Wolff to a situation where its application

27  is not clearly established.  Id. at 7.  Doing so, respondents contend, would lead to the conflicting

28  result that while a federal court cannot examine the substance of parole authorities' ultimate

3

1   decision to deny parole pursuant to <u>Swarthout v. Cooke</u>, 562 U.S. 216 (2011), it can review the

2   substantive information relied upon by the parole board by applying a heightened level of due

3   process protections.  <u>Id.</u>

4   IV.     <u>Petitioner's Traverse</u>

5           With respect to respondent's statute of limitations defense, petitioner contends that he was

6   diligent in pursuing his administrative, state, and federal remedies following his disciplinary

7   hearing.  ECF No. 36 at 7-9.  He commenced a federal habeas action challenging this disciplinary

8   conviction on December 8, 2009.  <u>Id.</u> at 8.  However, that original petition as well as a subsequent

9   one was both dismissed with leave to amend.  <u>Id.</u> at 8-9.  Petitioner merely followed the federal

10  district court's instructions to proceed with his issues by filing a civil rights complaint pursuant to

11  42 U.S.C. § 1983.  <u>Id.</u> at 9.  It was not until October 26, 2010 that petitioner was instructed to file

12  a separate habeas corpus petition challenging his disciplinary conviction.  <u>Id.</u> at 9.  Once again,

13  petitioner followed the district court's instructions and filed the instant federal habeas corpus

14  petition on December 22, 2010.[2]  <u>Id.</u>

15          On the merits of his due process claim, petitioner asserts that prison officials violated their

16  own rules and regulations by not affording him an Ad Seg classification hearing within 10 days of

17  his placement in that unit.  ECF No. 36 at 5.  In fact, he alleges that he was held in Ad Seg for 33

18  days without the benefit of any hearing conducted by the Classification Committee.  <u>Id.</u>  As a

19  result of this failure to determine whether petitioner's ongoing Ad Seg placement was proper, he

20  received a RVR when he refused to double cell with another inmate who was placed in Ad Seg

21  for "fighting, violence and choking-out his previous cellmate."  <u>Id.</u> at 5.  Petitioner alleges that he

22  had a liberty interest protected by the due process clause that was violated once this RVR was

23  relied upon by the Board of Parole Hearings to deny him release in 2010.  <u>Id.</u> at 6.

24  V.      <u>Statute of Limitations</u>

25          The court will first address respondents' argument that the instant federal petition should

26  be dismissed as time-barred.  Section 2244(d)(1) of Title 28 of the United States Code contains a

27

28
_____
[2] Petitioner's state and federal habeas petitions are entitled to the benefit of the prison mailbox rule in determining their constructive filing date.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

1    one year statute of limitations for filing a habeas petition in federal court.  The one year clock

2    commences from one of several alternative triggering dates.  See 28 U.S.C. § 2244(d)(1).  The

3    parties agree that the triggering mechanism for challenges to prison disciplinary proceedings is

4    "the date on which the factual predicate of the claim or claims presented could have been

5    discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D); see also Redd v.

6    McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).  In this case the statute of limitations commenced

7    on January 7, 2009, the day following the completion of the prison's administrative appeal

8    process and thus the date the factual predicate of petitioner's claims was discovered.  The statute

9    of limitations expired one year later on January 7, 2010, absent any statutory or equitable tolling.

10          A.      Statutory Tolling

11          Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

12   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

13   § 2244(d)(2).  Petitioner filed his first state habeas corpus petition in the Amador County Superior

14   Court on March 17, 2009, thus tolling the statute of limitations.  It remained tolled until

15   November 10, 2009, the day the California Supreme Court denied petitioner's state habeas corpus

16   petition.  Thus, with the added benefit of statutory tolling, the one year statute of limitations was

17   extended until September 3, 2010, rendering the federal petition untimely filed by 110 days.

18          B.      Equitable Tolling

19          A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of

20   limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and (2)

21   that some extraordinary circumstance stood in his way and prevented timely filing.  See Holland

22   v. Florida, 560 U.S. 631 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  An

23   "extraordinary circumstance" has been defined as an external force that is beyond the inmate's

24   control.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The diligence required for

25   equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  See

26   Holland, 560 U.S. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

27          In their answer, respondents do not acknowledge the availability of equitable tolling

28   which could render the petition timely filed.  Liberally construed, petitioner's traverse seeks

1    equitable tolling on grounds that the district court's dismissal of petitioner's prior federal habeas

2    petitions in Case No. 2:09-cv-03407-KJM-JFM was erroneous and resulted in the untimely filing

3    of the current petition.  See Haines v. Kerner, (requiring liberal construction of pro se pleadings);

4    see also Sossa v. Diaz, 729 F.3d 1225 (9th Cir. 2013) (granting equitable tolling based on

5    petitioner's justified reliance on several magistrate judge orders extending the deadline to file an

6    amended petition following an initial screening order that dismissed the original petition with

7    leave to amend).  Without specifically requesting equitable tolling, petitioner asserts that he was

8    merely following the instructions contained in the district court's orders in Case No. 2:09-cv-

9    03407-KJM-JFM.  Accordingly, the court will review the procedural history of petitioner's

10   related case of 2:09-cv-03407-KJM-JFM to determine whether equitable tolling is warranted.

11        Petitioner submitted a § 2254 petition on December 6, 2009 that was filed in this court as

12   Case No. 2:09-cv-03407-KJM-JFM.  The court construed petitioner's habeas claims as

13   challenging his "placement in Administrative Segregation instead of the prison infirmary

14   following his return from a hospital where he was treated for cancer and… [an] unwarranted rule

15   violation for refusing to accept a cell-mate while in Administrative Segregation."  See ECF Nos.

16   1, 5 in Case No. 2:09-cv-03407-KJM-JFM.  On January 19, 2010 this habeas petition was

17   dismissed with leave to file it as a civil rights action pursuant to 42 U.S.C. § 1983.  See ECF No.

18   5 in Case No. 2:09-cv-03407-KJM-JFM.  Petitioner filed an amended § 2254 petition on February

19   13, 2010 raising the same claims as in his original habeas petition.  See ECF No. 8 in Case No.

20   2:09-cv-03407-KJM-JFM.  On March 4, 2010, the amended § 2254 petition was once again

21   dismissed with leave to file it as a civil rights complaint because "the amended petition sets forth

22   claims cognizable in a § 1983 suit and not a § 2254 petition."  See ECF No. 9 in Case No. 2:09-

23   cv-03407-KJM-JFM.

24        After receiving an extension of time, petitioner filed a civil rights complaint on April 28,

25   2010 which still contained the due process challenge to petitioner's 2008 prison disciplinary

26   proceeding.  See ECF No. 12 in Case No. 2:09-cv-03407-KJM-JFM.  Before the court could

27   screen this § 1983 complaint, petitioner filed what is identified on the docket as a second

28   amended civil rights complaint on June 18, 2010.  See ECF No. 17 in Case No. 2:09-cv-03407-

1    KJM-JFM.  The district court's screening order of October 27, 2010 dismissed petitioner's due

2    process challenge to the prison disciplinary finding, but granted leave to file it as a § 2254

3    petition, which is what petitioner had done at the outset.  See ECF No. 19 in Case No. 2:09-cv-

4    03407-KJM-JFM.  Consistent with the district court's order, petitioner filed the instant federal

5    habeas petition on December 22, 2010 which was opened as a separate habeas corpus action

6    related to the pending civil rights complaint.  See ECF No. 6 (Related Case Order).

7             The above case history suggests, indeed almost commands, that equitable tolling be

8    granted.  Here, petitioner timely filed a § 2254 petition raising the same challenges as the present

9    petition not just once but twice, only to be rebuffed by the court which repeatedly instructed

10   petitioner to file the claims as a § 1983 complaint.  Once petitioner complied with the court's

11   instructions to file the claims as a § 1983 action, the court changed its position and directed

12   petitioner to file his prison disciplinary challenge as a § 2254 petition.  See Pliler v. Ford, 542

13   U.S. 225, 235 (O'Connor, J., concurring) (providing the fifth vote for the majority and stating that

14   "if the petitioner is affirmatively misled, either by the court or by the State, equitable tolling

15   might well be appropriate.").  By that time, the statute of limitations had already expired.  This is

16   a classic example of a circumstance beyond petitioner's control that warrants equitable tolling.

17   See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); see also Sossa v. Diaz, 729 F.3d 1225

18   (9th Cir. 2013).

19            The only remaining question is whether petitioner has been pursuing his rights diligently.

20   In this case there is no indication that petitioner sat on his rights.  Indeed, unlike many prisoners

21   who request multiple extensions of time to file amended petitions or complaints, here petitioner

22   relied on a single extension of time in Case No. 2:09-cv-03407-KJM-JFM.  Petitioner diligently

23   complied with the court's orders and filing deadlines.  Accordingly, he is entitled to equitable

24   tolling from December 6, 2009, the date he filed his original habeas petition in Case No. 2:09-cv-

25   03407-KJM-JFM, until December 22, 2010, the date he filed the instant habeas petition.

26            For these reasons, the undersigned recommends rejecting respondent's argument that the

27   instant petition be dismissed on the basis of the statute of limitations.  Accordingly, the

28   undersigned will proceed to review the petition on the merits.

1    VI.    Standard of Review on the Merits

2           Ignoring the undersigned's Findings and Recommendations of January 3, 2014 (ECF No.

3    32), which were adopted by Order of March 26, 2014 (ECF No. 34), respondents argue that

4    AEDPA's standard of deferential review applies to this case.  ECF No. 35 at 4-6.  The court made

5    clear in its prior Findings and Recommendations that the lodged state court record submitted in

6    support of respondent's motion to dismiss failed to demonstrate that petitioner's due process

7    challenge was "adjudicated on the merits" in state court proceedings.  ECF No. 32 at 4-5.  Even

8    with their answer, respondents failed to produce a copy of the California Supreme Court order

9    denying petitioner's state habeas application.  The only evidence produced with the answer was a

10   printout from the California Appellate Courts Case Information website which indicates the date

11   the California Supreme Court ruled on petitioner's state habeas application with a notation

12   indicating that it was denied.  ECF No. 35-8 at 2.  Once again, respondents' failure to produce a

13   copy of the California Supreme Court decision prevents this court from determining whether

14   AEDPA deference applies to petitioner's due process challenges.  Accordingly, the undersigned

15   will assume without deciding that de novo review applies to petitioner's due process claims.

16   VII.   Merits

17          Petitioner's habeas application presents three grounds for relief.  Petitioner first alleges

18   that Mule Creek State Prison officials acted with deliberate indifference to his medical condition

19   in violation of the Eighth Amendment.  ECF No. 1 at 12, 15-17.  The Findings and

20   Recommendations of November 2, 2012 (ECF No. 21 at 1-2 & n.1) found this claim duplicative

21   of that raised in petitioner's related § 1983 case.  See Case No. 2:09-cv-3407-KJM-JFM.  These

22   Findings and Recommendations were adopted in relevant part by Order of April 11, 2013 (ECF

23   No. 24).  Petitioner's first claim has already been dismissed as duplicative.  It is also barred in this

24   action by res judicata, because the related case has resulted in a final judgment.  See Robi v. Five

25   Platters, Inc., 838 F.2d 318, 321-22 (9th Cir. 1988).

26          Petitioner's second and third claims are closely related.  Petitioner asserts in Ground Two

27   that his placement in Ad Seg without a classification hearing violated his due process rights in

28   violation of Wolff v. McDonnell, 418 U.S. 539 (1974) and Sandin v. Conner, 515 U.S. 472

8

1    (1995).  ECF No. 1 at 12, 18-20.  Ground Three claims that petitioner's "unwarranted" RVR for

2    refusing double-celling was invalid because proper classification would have exempted him from

3    double-celling on the basis of his medical condition; his denial of parole on the basis of the RVR

4    thus wrongly deprived him of a liberty interest.  Id. at 13, 21-22.  As a remedy, petitioner asks the

5    court to reverse the guilty finding from the RVR hearing and to expunge all references to this

6    disciplinary charge from his central prison file.  ECF No. 1 at 13.

7        The court has already held that petitioner's interwoven challenges to his Ad Seg

8    placement and RVR determination are cognizable in habeas because the RVR, historically

9    predicated on the fact and terms of petitioner's Ad Seg placement, cost petitioner good-time

10   credits and formed a basis for the denial of parole.  ECF Nos. 21, 24, 32, 34.[3]  Habeas relief is

11   appropriate if, and only if, the adverse disciplinary finding – the decision with nexus to the

12   duration of petitioner's confinement, and thus the only decision reviewable in habeas – is itself

13   constitutionally infirm.  Petitioner offers two possible bases for the infirmity of the disciplinary

14   finding: (1) the disciplinary charge was unwarranted and the guilty finding invalid because

15   petitioner should not have been required to double-cell in the first place, due to his medical

16   condition, and (2) the disciplinary finding is invalid because petitioner's underlying Ad Seg

17   placement was invalid, due to the lack of a classification hearing.

18       Petitioner has presented a novel due process claim for which this court cannot grant relief,

19   even under a de novo standard of review.  Under either of petitioner's theories, the disciplinary

20   finding is alleged to be invalid because of a due process violation earlier in the chain of events

21   that led to the charge, and independent of the RVR process itself.  This court's review of a prison

22   disciplinary decision is limited.  The only cognizable issues are (1) substantively, whether the

23   disciplinary finding was supported by "some evidence" as required by Superintendent v. Hill, 472

24   U.S. 445, 454 (1985); and (2) procedurally, whether the disciplinary hearing itself afforded

25   petitioner the minimum procedural protections required by Wolff v. McDonnell, 418 U.S. 539,

26   _____

27   [3] See Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004) ("[H]abeas corpus jurisdiction exists
     when a petitioner seeks expungement of a disciplinary finding from his record if expungement is
     likely to accelerate the prisoner's eligibility for parole.").

28

1  563-68 (1974).  The court addresses these issues in turn.

2          A federal court may invalidate a prison disciplinary finding that affects the duration of

3  custody only where there is a complete absence of evidence to support the finding.  See Hill, 472

4  U.S. at 454 (due process requires "some evidence"); see also Burnsworth v. Gunderson, 179 F.3d

5  771, (9th Cir. 1999) (even after Sandin, federal court may order expungement of a disciplinary

6  finding that is not supported by "some evidence").  Here, the record reflects the existence of

7  evidence that petitioner refused an order to double-cell.  Petitioner does not contend otherwise; he

8  admits that he refused to double-cell, because he believed that he should not be required to do so

9  for medical reasons.  The undisputed existence of "some evidence" to support the findings

10  satisfies Hill and takes the disciplinary finding outside the reach of this court.

11          What petitioner really means is that his refusal to double-cell should have been excused at

12  or before the RVR hearing because of his medical status.  However, no legal authority supports

13  the proposition that a prison violates due process, entitling the prisoner to habeas relief from a

14  disciplinary finding that is supported by some evidence, by failing to consider or provide medical

15  exemptions to general disciplinary rules.

16          Regarding the applicable procedural protections, petitioner does not allege that he failed to

17  receive notice and a Wolff-compliant hearing in relation to the RVR.  Petitioner's procedural due

18  process theory focuses instead on his initial assignment to Ad Seg and the concomitant order for

19  double-celling.  The specific procedures required under Wolff for deprivation of good-time

20  credits are required for lesser penalties such as segregation.  See Wolff, 418 U.S. at 571-72 &

21  n.19; Hewitt v. Helms, 459 U.S. 460, 476 (1982); Toussaint v. McCarthy, 801 F.2d 1080, 1100-

22  01 (9th Cir. 1986).  The Due Process Clause does not create a liberty interest in a particular

23  classification.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); see also McFarland v. Cassady,

24  779 F.2d 1426, 1428 (9th Cir. 1985) (constitution does not create a liberty interest in remaining in

25  the general population).  Even if petitioner's alleged placement in Ad Seg for non-disciplinary

26  purposes -- when prison regulations required that he instead be classified as an inmate medical

27  patient -- constituted an "atypical and significant hardship. . . in relation to the ordinary incidents

28  of prison life,"  Sandin, 515 U.S. at 484, it does not follow that the subsequent disciplinary

1    finding violated due process.

2            There is no legal authority for the proposition that an error in classification, even

3    classification that violates prison regulations or due process, renders unconstitutional a

4    subsequent and independent disciplinary charge for failing to comply with the terms of the

5    classification.  Plaintiff's remedy for inappropriate classification, or improper use of Ad Seg as a

6    medical bed, lay in the administrative appeals process and possible judicial review in the civil

7    rights context.[4]  The fact of an inappropriate classification, however, does not exempt an inmate

8    from compliance with applicable regulations while challenging that classification, or support

9    habeas relief from a subsequent disciplinary finding.

10           If AEDPA applies to this case as respondent contends, the lack of clearly established

11   federal law to support petitioner's due process theory would begin and end the analysis.  See

12   Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam) (where no Supreme Court

13   precedent controls a legal issue, the state court's denial of relief cannot be unreasonable within

14   the meaning of AEDPA).  Even under pre-AEDPA standards, the court lacks authority to order

15   expungement of a prison disciplinary violation that was supported by some evidence, where the

16   inmate's rights under Wolff were not violated in relation to the disciplinary hearing itself.

17           Accordingly, IT IS HEREBY RECOMMENDED that:

18           1.  The instant petition be deemed timely filed on the basis of equitable tolling;

19           2.  That relief be denied on the merits for the reasons stated herein; and,

20           3.  Petitioner's federal habeas corpus petition be dismissed with prejudice.

21           These findings and recommendations are submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

23   after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

---

25   [4] As noted previously in discussion of equitable tolling, petitioner initially filed his challenges to
26   the RVR together with a challenge to the conditions of his confinement.  See Case No. 2:09-cv-
     03407-KJM-JFM, ECF No. 97 at 7.  The court has acknowledged that confusion regarding the
27   proper vehicle for the instant claims characterized the earlier stages of this litigation.  However,
     petitioner's complaints about his Ad Seg placement have consistently been presented in the
28   context of his challenge to the RVR, and not as a free-standing basis for relief of any kind.

1   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

2   he shall also address whether a certificate of appealability should issue and, if so, why and as to

3   which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

4   applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.  §

5   2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

6   service of the objections.  The parties are advised that failure to file objections within the

7   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

8   F.2d 1153 (9th Cir. 1991).

9   DATED: October 9, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE